UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLEVELAND RAY, JR.,

    Plaintiff,

v.                                       CASE No. 8:09-CV-1034-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of his claim for supplemental security income payments.* Because the plaintiff has failed to show that the decision of the Commissioner of Social Security is not supported by substantial evidence or contains any reversible error, the decision will be affirmed.

I.

The plaintiff, who was thirty-one years old at the time of the administrative hearing and who has a limited education (Tr. 310), has worked

---

*The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 15).

at various physical-labor jobs (Tr. 99, 138). He filed a claim for supplemental security income payments. The claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received a *de novo* hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of diabetes, obesity, high blood pressure, sleep apnea, and borderline intellectual functioning with a low I.Q. of 78 (Tr. 14). He stated that these impairments limited the plaintiff to light work (Tr. 16), although the Commissioner asserts that this statement was a mistake and that what the law judge meant to say was that the plaintiff could perform medium work (Doc. 24, p. 2 n. 1). The law judge also concluded that the plaintiff had a frequent limitation for working at unprotected heights and for climbing, and had an occasional limitation for bending, stooping, and kneeling, but was capable of performing routine repetitive tasks in an environment with few respiratory irritants (Tr. 16). The law judge determined that these impairments prevented the plaintiff from performing past relevant work (Tr. 21). However, based upon the testimony of a vocational expert, the law judge found that jobs exist in significant numbers in the national economy that the plaintiff could

perform, such as fast food worker, sandwich maker, and stocker (Tr. 23). Accordingly, the law judge decided that the plaintiff was not disabled. The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402

U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not

disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff challenges the law judge's decision on one ground. Thus, he asserts that "[t]he Commissioner erred with regard to his finding upon the credibility of the claimant" (Doc. 23, p. 6). This assertion is meritless.

The Eleventh Circuit has established a standard for evaluating complaints of pain and other subjective complaints. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." If the law judge determines that, under this test, there is objectively determined medical evidence of an impairment which could reasonably be

expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985).

In evaluating the plaintiff's credibility, the law judge fairly set forth the plaintiff's testimony (Tr. 18), and the plaintiff does not contend otherwise. The law judge, moreover, cited to the regulation and Social Security Rulings that govern credibility determinations (Tr. 17). Indeed, he essentially set forth those criteria (id.). This demonstrates that the law judge appropriately applied the Eleventh Circuit standards. Wilson v. Barnhart, 284 F.3d 1219, 1225-26 (11th Cir. 2002).

The plaintiff's argument centers around the law judge's consideration of the plaintiff's activities of daily living (Doc. 23, p. 6). Of course, the law judge is entitled to consider those activities in evaluating the plaintiff's credibility. Macia v. Bowen, 829 F.2d 1009, 1012 (11th Cir. 1987); Harwell v. Heckler, 735 F.2d 1292, 1293 (11th Cir. 1984). In fact, the regulations expressly state that such activities will be taken into account in making a credibility determination. 20 C.F.R. 416.929(c)(3)(i).

If the plaintiff is arguing that the law judge erred because he relied only on the plaintiff's activities of daily living in making his credibility determination, that argument is mistaken. As the Commissioner correctly points out (Doc. 24, pp. 9, 11), the law judge considered other factors as well in making that determination.

The law judge considered the plaintiff's treatment records in depth and concluded that they did not support greater functional limitations than those stated in the residual functional capacity determination (Tr. 18, 19-20). The Commissioner points out that the law judge recognized that no treating physician had imposed any specific restrictions (Doc. 24, pp. 10-11; see Tr. 19-20). However, the law judge did incorporate environmental restrictions into the plaintiff's residual functional capacity based upon findings of a treating physician (Tr. 19).

The law judge also considered that two treating physicians reported that the plaintiff was not entirely compliant in taking prescribed medications (Tr. 20). The law judge thought that this "suggests that the symptoms may not have been as limiting as the claimant has alleged" (id.).

This was a reasonable inference. See Ellison v. Barnhart, 355 F.3d 1272, 1275 (11th Cir. 2003).

In connection with the plaintiff's credibility assessment, the law judge also said (Tr. 20):

> The claimant stated that he has never worked a full-time job, which raises some questions as to whether the current unemployment is truly the result of medical problems or a matter of choice[.] As mentioned earlier, the record reflects work activity after the alleged onset date. Although that work activity did not constitute disqualifying substantial gainful activity, it does indicate that the claimant's daily activities have, at times, been somewhat greater than the claimant has generally reported.

Thus, the law judge did not rely on just the plaintiff's daily activities in discounting his testimony. Overall, the reasons given by the law judge are adequate and supported by substantial evidence. This court is therefore not authorized to overturn the law judge's credibility determination. Arnold v. Heckler, 732 F.2d 881, 883-84 (11th Cir. 1984).

As indicated, this was the only challenge raised by the plaintiff. Any other challenge is deemed abandoned in light of the scheduling Order, which requires the plaintiff in his memorandum to "identify with particularity the discrete grounds upon which the administrative decision is being

challenged" and to support any such challenge "by citations to the record of the pertinent facts and by citations of the governing legal standards" (Doc. 13, p. 2). Specifically deemed abandoned are any challenges to the residual functional capacity or the hypothetical question based upon the alleged mistake in the residual functional capacity limiting the plaintiff to light work rather than medium work. No challenge was raised regarding that circumstance. Nevertheless, it is appropriate to add that the mistake, in all events, appears to be harmless error since one of the jobs identified by the expert involved light work (Tr. 23).

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 27th day of April, 2010.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE